UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RANDOLPH KAHL-WINTER, JR.,

        Plaintiff,

v.                                          Case No. 5:21-cv-631-BJD-PRL

LITA THOMAS and KAREN NILES

        Defendants.
_____

**<u>ORDER</u>**

**I. Status**

Plaintiff, Randolph Kahl-Winter, Jr., an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, filed a complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 1; Compl.) against two individuals identified as "mail room employees" at Sumter Correctional Institution (SCI). Plaintiff alleges the mail room employees, Lita Thomas and Karen Niles, "seized and detained" his incoming mail on April 22, 2021. Compl. at 15. He is uncertain of the mail's contents, but he believes it contained a stimulus check from the IRS. *Id.* at 16.

Plaintiff contends Defendants violated his rights under the First, Fourth, and Fourteenth Amendments. *Id.* at 3. He also cites in passing various

federal criminal statutes and provisions of the Florida Administrative Code (FAC) he contends Defendants violated. *Id.* at 3, 14-15. Plaintiff alleges he suffered mental anguish. *Id.* at 5. As relief, he seeks a declaratory judgment, injunctive relief, and compensatory and punitive damages. *Id.*

Defendants move to dismiss the complaint (Doc. 21; Def. Mot.), which Plaintiff opposes (Doc. 26; Pl. Resp.). In his response and through a separate motion (Doc. 27; Pl. Mot.), Plaintiff seeks leave to amend his complaint. Defendants oppose Plaintiff's request to amend (Doc. 28; Def. Resp.), arguing the proposed amended complaint is deficient and, thus, an amendment would be futile. Without seeking leave to do so, Plaintiff filed a reply (Doc. 29).[1] *See* M.D. Fla. R. 3.01(d) ("Without leave, no party may file a reply to a response [to a motion to amend].").

## II. Motion to Dismiss Standard

A defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In ruling on such a motion, the court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Even though Plaintiff's reply was unauthorized, the Court will not strike it. In his reply, Plaintiff merely reiterates what he asserts in his motion to amend and proposed amended complaint. *See generally* Doc. 29.

2

Though detailed factual allegations are not required, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III. Analysis

### A. Defendants' Motion to Dismiss

Defendants move to dismiss the complaint on the following grounds: the Eleventh Amendment bars any damages claims against them in their official capacities; Plaintiff fails to state a plausible claim for relief under § 1983 and under the criminal and state statutes and rules he references; and they are entitled to qualified immunity. *See* Def. Mot. at 4-5, 10. Plaintiff does not contest that the Eleventh Amendment bars any claim for damages against Defendants in their official capacities. *See generally* Pl. Resp. *See also Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court.").

Plaintiff also does not contest that he fails to state a plausible claim under criminal statutes or for the alleged violations of provisions of the FAC.[2]

---

[2] Plaintiff cites the following criminal statutes: 18 U.S.C. §§ 241 ("Conspiracy against rights"), 242 ("Deprivation of rights under color of law"), 1702 ("Obstruction of

3

*See generally* Pl. Resp. *See also Sandin v. Conner*, 515 U.S. 472, 482 (1995) (noting that state prison regulations are "not designed to confer rights on inmates"); *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."); *Laster v. CareConnect Health Inc.*, No. 1:20-cv-137 (LAG), 2020 WL 7486722, at *3 (M.D. Ga. Dec. 10, 2020) ("[A]s a general matter, Title 18 is a federal criminal statute which does not create civil liability or a private right of action." (quoting *Morrell v. Lunceford*, No. 09-00753-KD-C, 2011 WL 4025725, at *6 (S.D. Ala. Aug. 18, 2011) (alteration in original)), *aff'd*, 852 F. App'x 476 (11th Cir. 2021).

Plaintiff opposes Defendants' motion as to the alleged constitutional violations. *See* Pl. Resp. at 1. He notes that Defendants did not address his "core issue of 'seizure'" of his mail. *Id.* In their motion, Defendants contend Plaintiff does not "indicate which of his rights afforded by the First, Fourth, *Sixth* and Fourteenth Amendments Defendants deprived him of." *See* Def. Mot. at 6 (emphasis added). Plaintiff does not allege the violation of his Sixth Amendment rights. *See* Compl. at 3. And, contrary to Defendants' contention, he does in fact indicate which rights afforded under the First, Fourth, and Fourteenth Amendments Defendants allegedly violated. *Id.* at 14-17. As to the

---

correspondence"), and 1708 ("Theft or receipt of stolen mail matter generally"). These statutes provide for the imposition of criminal penalties—fines and imprisonment— not private civil remedies.

First Amendment, Plaintiff contends the interception of his mail constitutes the obstruction of "the right to correspond"; as to the Fourth Amendment, Plaintiff implies he has a right to privacy in his "private personal [mail]," and that right was violated; and, as to the Fourteenth Amendment, Plaintiff alleges his private property was taken without the "minim[al] procedural safeguards" to which he is entitled. *Id.* at 15, 17.

Despite Defendants' misstatement about Plaintiff's alleged constitutional claims, because they invoke qualified immunity, the burden is on Plaintiff to demonstrate he alleges the violation of a clearly established constitutional right. This he cannot do. "The qualified immunity defense shields 'government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To be entitled to qualified immunity, the defendant must first establish that he was acting within the scope of his discretionary authority." *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017) (citation omitted). If the defendant so shows, the burden shifts to the plaintiff to demonstrate that the defendant violated his

5

constitutional rights and at the time of the violation, those rights were clearly established. *Id.*

Defendants note that Plaintiff alleges they were engaged in a discretionary function at the relevant times. *See* Def. Mot. at 12. Plaintiff does not dispute this. *See generally* Pl. Resp. Indeed, in his complaint, Plaintiff alleges he sues Defendants Thomas and Niles because they were responsible for the operation of the mail room and, under relevant provisions of the FAC, were obligated to take certain precautions with respect to incoming mail. *See* Compl. at 14-15. As such, the burden shifts to Plaintiff to show he alleges the violation of a constitutional right.

Accepting as true Plaintiff's allegations and liberally construing them, as this Court must, his allegations fall short of stating a constitutional violation. As a preliminary matter, it appears Plaintiff names Defendants Thomas and Niles solely because they were responsible for the operation of the mail room, and not because they personally participated in allegedly unconstitutional conduct. *See id.* at 4, 14. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

The standard for supervisory liability is "extremely rigorous." *Piazza v. Jefferson Cnty., Ala.*, 923 F.3d 947, 957 (11th Cir. 2019) (quoting *Cottone*, 326 F.3d at 1360). To state a claim against a prison official in his supervisory capacity, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047-48 (11th Cir. 2014). To the extent Defendants did not personally interfere with or take Plaintiff's mail, Plaintiff's claim against them fails.

To the extent Plaintiff contends Defendants Thomas and Niles personally participated in a constitutional violation, his allegations are conclusory and speculative. He asserts as follows: "On *information and belief*, on or about April 22, 2021, without notification, or Plaintiff's consent, Defendant(s) seized and detained Plaintiff's . . . correspondence." *See* Compl. at 15 (emphasis added). The only reason Plaintiff suspects anyone at the prison interfered with his mail is because "he was notified by legal mail correspondence that [he] should have received his U.S. Treasury/I.R.S. correspondence about 2-3 weeks earlier." *Id.* From these facts, Plaintiff deduces that someone in the prison took his mail and any "obstruction/seizure of U.S. mail correspondence . . . would have happened [in] the . . . mail room."

7

*Id.* at 4, 16. Speculation and conjecture, unsupported by factual allegations, do not satisfy federal pleading standards. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Assuming arguendo that Defendants themselves "seized and detained Plaintiff's personal and private property correspondence," as Plaintiff baldly asserts, *see* Compl. at 15, his complaint remains deficient. Plaintiff's claim under the Fourteenth Amendment is not cognizable under § 1983. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (explaining a negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available"). Plaintiff has an adequate postdeprivation remedy available to him under state law: he can sue responsible prison officials for theft or conversion. *See* Fla. Stat. § 772.11(1). *See also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property).

Plaintiff's Fourth Amendment claim lacks merit as well. The Fourth Amendment ensures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S.

8

Const. amend. IV. While prisoners do not "shed all constitutional rights at the prison gate," *Sandin*, 515 U.S. at 485, "imprisonment carries with it the circumscription or loss of many significant rights," *Hudson*, 468 U.S. at 524. For instance, prisoners have no expectation of privacy in their personal effects. *Id.* at 526 ("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.").

Several courts have extended the *Hudson* reasoning in the context of inmate mail. *See, e.g.*, *Robinson v. Pennsylvania Dep't of Corr.*, 851 F. App'x 289, 293 (3d Cir. 2021) (relying on *Hudson*, finding the plaintiff-inmate had "no reasonable expectation of privacy to trigger Fourth Amendment protections" with respect to the processing of non-privileged mail). *See also Marigny v. Hopkins Cnty. Jail Admin.*, No. 4:21-cv-P10-JHM, 2021 WL 4554493, at *3 (W.D. Ky. Oct. 5, 2021) ("[S]everal courts have held that the Fourth Amendment does not apply to the search and/or seizure of legal mail." (citing cases)).

A prisoner's claim of interference with his mail—whether legal or not—is more properly analyzed under the First Amendment. Indeed, "[m]ail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *See Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). Prison officials may adopt policies regarding inmate mail, but policies

9

that implicate an inmate's First Amendment right must be "reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). However, isolated incidents of interference with an inmate's incoming mail generally will not establish a constitutional violation. *See O'Connor v. Carnahan*, No. 3:09-cv-224-WS/EMT, 2014 WL 293457, at *6 (N.D. Fla. Jan. 27, 2014) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). *See also Dees v. Lamar*, No. 2:20-cv-1326-LSC-GMB, 2021 WL 1953137, at *10 (N.D. Ala. Mar. 4, 2021), *report and recommendation adopted,* 2021 WL 1661195 (Apr. 28, 2021) (dismissing the plaintiff's First Amendment mail interference claim where he alleged the defendants, on one occasion, delayed delivering his mail containing a money order). Plaintiff fails to state a plausible claim under the First Amendment because he alleges Defendants interfered with his mail on one occasion.

Because Plaintiff fails to allege facts that, accepted as true, permit the reasonable inference his constitutional rights were violated, he does not overcome his burden on qualified immunity, and Defendants' motion is due to be granted.

### B. Plaintiff's Motion to Amend

Plaintiff moves to amend his complaint to cure "any deficiencies or vagueness." Pl. Mot. at 1. He provides a proposed amended complaint (Doc. 27-

2; Prop. Am. Compl.). In that, he names Defendants Thomas and Niles as well as seven individuals he identifies merely as "John Does." *See* Prop. Am. Compl. at 2. Plaintiff alleges Defendants Thomas and Niles "withheld delivery (seized)" from him a stimulus check in the amount of $1,400 on April 22, 2021. *Id.* He further alleges they withheld another mailing containing a stimulus check in July 2022, in "retaliation" for filing this lawsuit. *Id.* at 3. Plaintiff contends Defendants Thomas's and Niles's conduct violated his rights under the Fourth Amendment.[3] *Id.* at 3-4.

Given the procedural posture of the case, Plaintiff may only amend with the Court's leave. *See* Fed. R. Civ. P. 15(a). "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (quoting *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003)). Plaintiff's motion to amend is due to be denied because amendment would be futile.

---

[3] Plaintiff also cites *Procunier v. Martinez*, 416 U.S. 396 (1974), *overruled by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989), a Supreme Court decision that addressed whether California regulations restricting prisoners' personal correspondence were constitutional. *See* Prop. Am. Compl. at 4. Thus, liberally construing Plaintiff's filing, it appears he may also be suggesting, as he does in his operative pleading, that Defendants Thomas and Niles violated his First Amendment rights.

11

In his proposed amended complaint, Plaintiff asserts the same constitutional violations (the First and Fourth) based on essentially the same facts as those alleged in his operative complaint. For the reasons addressed at length previously in this Order, Plaintiff fails to state a plausible claim under § 1983 based on the alleged withholding of mail on April 22, 2021. Accepting as true Plaintiff's new factual allegation—that Defendants Thomas and Niles withheld mail from him a second time in July 2022, in retaliation for filing this action—his claims still fail. His allegation of retaliation is conclusory, and two isolated incidents of mail interference fail to demonstrate a First Amendment violation. *See Davis*, 320 F.3d at 352 (finding two incidents of mail interference did not state a plausible First Amendment violation where the plaintiff did not allege "the establishment of an ongoing practice" of such conduct).

In short, Plaintiff alleges no new facts that would save his claims against Defendants Thomas and Niles. And Plaintiff lodges no factual allegations against the Doe Defendants. *See* Prop. Am. Compl. at 2-3. In fact, he contends the Doe Defendants are "unknown at this time," as are the actions they may have undertaken that violated his rights. *Id.* at 2. The Eleventh Circuit has consistently held that "fictitious-party pleading is not permitted in federal court," unless a plaintiff describes a John Doe defendant with such particularity that he or she can be identified and served. *See Richardson v.*

*Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff failed to identify or describe the individual "guard" allegedly involved); *Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name . . . is insufficient to sustain a cause of action."). Not only does Plaintiff not identify the John Doe Defendants with any particularity, but he concedes he does not know "at this time" what unconstitutional actions they may have taken if any. As such, his attempt to save his complaint by trying to join unidentified individuals as Defendants fails.

## IV. Conclusion

Accordingly, it is now

**ORDERED:**

1. Defendants' motion to dismiss (Doc. 21) is **GRANTED**, and Plaintiff's claims are **dismissed with prejudice**.

2. Plaintiff's motion for leave to amend (Doc. 27) is **DENIED**.

3. The **Clerk** is directed to enter judgment dismissing the case with prejudice, terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of March 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Randolph Kahl-Winter, Jr.
Counsel of Record